ALEX M. HAMBURG, Respondent, *v.* FRANCIS A. CUNDILL, Appellant, Impleaded with Others.

Contract — services — income tax — income from partnership organized June 1, 1919, improperly included in individual returns for same year — profits as shown for fiscal year should be included in returns for 1920 — agreement to pay for services in obtaining reduction of taxes percentage of amount refunded — payment based upon beneficial amount received not on paper reduction — amount refunded for 1919 by reason of improper inclusion of partnership income, less taxes paid in 1920 on such income, proper basis for computing amount due.

1. It was improper for members of a partnership, organized June 1, 1919, in making individual income tax returns for the year 1919 to include the income from the partnership received up to the end of that year. They should have waited until they made up their individual returns for 1920 and then included their profits, if any, as shown on the partnership books June 1, 1920.

2. In making an agreement, therefore, by the terms of which plaintiff agreed to " handle the case of abatement of taxes for the calendar year 1919 and the fiscal year June 1st, 1919 /1920," for the members of the partnership, for which the latter agreed to pay twenty-five per cent " of the amount received," the parties had in mind the

income of 1919 as affected by the improper inclusion of the six months' partnership income. The amount received is the beneficial amount received, not merely a paper reduction.

3. Where, therefore, plaintiff succeeded in reducing the 1919 taxes by having the amounts improperly included taken out of the returns for that year, but as a result thereof such amounts were necessarily included in the returns for 1920 so as to increase the taxes payable for that year, in fixing the amount on which plaintiff's compensation should be based, the amount of the increase in the 1920 taxes should be deducted from the amount refunded as improperly paid in 1919.

*Hamburg* v. *Cundill*, 219 App. Div. 506, reversed.

(Argued December 5, 1927; decided January 10, 1928.)

APPEAL from a judgment, entered March 30, 1927, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendant-appellant, entered upon a dismissal of the complaint by the court at a Trial Term and directing judgment in favor of plaintiff.

*J. Madison Blackwell* and *Brison Howie* for appellant. Both the trial court and the Appellate Division erred in their construction of the contract. A proper interpretation of it shows that the plaintiff was paid in full. (*People ex rel. N. Y. C., etc., R. R. Co.* v. *Walsh*, 211 N. Y. 90; *Sanford* v. *Brown Bros. Co.*, 208 N. Y. 90; *Schoellkopf* v. *Coatsworth*, 166 N. Y. 77.)

*W. M. K. Olcott* and *Hyman Dominitz* for respondent. The trial justice correctly found that the contract was unambiguous and that the plaintiffs had fully performed the terms thereof, and consequently had earned thereunder the fixed and liquidated sum of $13,796.52, and the Appellate Division properly concurred in said findings. (*Newburger* v. *American Surety Co.*, 242 N. Y. 134; *Smith* v. *Goldsborough*, 236 N. Y. 344; *Chicago, Milwaukee & St. Paul R. Co.* v. *Clark*, 178 U. S. 353; *Fire Insurance Assn.* v. *Wickham*, 141 U. S. 564; *Laroe* v. *Sugar Loaf*

*Dairy Co.*, 180 N. Y. 367; *Schnell* v. *Perimon*, 238 N. Y. 362; *Nassoiy* v. *Tomlinson*, 148 N. Y. 326.)

CRANE, J.    Francis A. Cundill was an importing merchant in the city of New York.    Up to June 1, 1919, he had conducted the business in his own name.    Thereafter he formed a partnership under the firm name of Francis A. Cundill & Co., the company being his wife, A. Isabell Cundill, as a limited partner.    The members of the firm had made income tax returns for the year 1919, in which they had included the income from the partnership from June 1, 1919, up to December 31 of the same year.    Alex M. Hamburg, the plaintiff, is an attorney, and John Bauer, a defendant in name, and a plaintiff in fact, is an accountant experienced in income matters.    Both Hamburg and Bauer occupied one of the rooms in the offices of Francis A. Cundill & Co. at 63 Wall street, New York city, which they jointly rented from that firm under the name of John Bauer and associates.    These two gentlemen undertook to procure a reduction in the income tax of Mr. and Mrs. Cundill for the year 1919, and the courts below have properly found that the agreement between the parties was embodied in a letter dated December 17, 1920, reading as follows:

" Mr. JOHN BAUER,

" Mr. ALEX HAMBURG

" GENTLEMEN.— Confirming our verbal understanding, it is now understood between us that you will jointly and severally, handle the case of abatement of taxes for the calendar year 1919 and the fiscal year June 1st, 1919/1920, as follows:

" We are to pay you a retaining fee of $100 and also to provide you with such expenses as are necessary for the prosecution of this case.    We further agree that we will pay you 25% of the amount received if the case is successfully prosecuted from which, however, is to be deducted the retaining fee and the actual disbursements

that may have been made. · It is understood no expenses are to be incurred outside of those of ordinary detail without the consent and confirmation of the undersigned.

" It is further agreed that the above understanding will cover also the case of Mrs. Cundill's federal tax, and also the State taxes of myself and Mrs. Cundill should it later be mutually agreed that these cases are worth prosecuting.

" It is hardly necessary to say, as it is understood and agreed, that immediate action and prosecution of this case to a finality, will be taken.

" Very truly yours,

" FRANCIS A. CUNDILL & CO.,

" FRANCIS A. CUNDILL."

The plaintiffs procured a reduction in the taxes for 1919 which the Cundills claim was not the actual amount received by them as a reduction within the meaning of the above contract.

The plaintiffs have brought this · action to recover twenty-five per cent of the amount of the reduction made in the 1919 income tax without considering the ultimate benefit received by the defendants. The dispute arises over the following facts.

Cundill and his wife had included in their 1919 return the income from the partnership received from June 1, 1919, when the partnership was formed, up to the end of the year, December 31, 1919. These amounts should not have been included in the 1919 return. The personal income taxes are made up for the calendar year. Income from partnerships included in personal returns are made up according to the fiscal year of the company. The fiscal year of Cundill & Co. ran from June 1, 1919, to June 1, 1920. The individual incomes, therefore, of the partners could not be ascertained until June 1, 1920. During the first six months of the partnership, the company may have made money and have lost it during the last six months, in which case there would have been no

profits to put in the income return. In other words, income received during the first six months would not indicate the profits for the entire year. It was, therefore, improper for the Cundills to make returns of their incomes from the partnership in the first six months. They should have waited until they made up their individual returns for 1920 and then have included their profits, if any, as shown on the books of the company June 1, 1920. What the plaintiffs did in reducing the 1919 taxes was to have the amounts which Mr. and Mrs. Cundill had included as income from the partnership from June 1, 1919, to December 31 of that year taken out of the 1919 returns. This did not mean, of course, that the partners would not be taxed upon their profits from the partnership at some time; it simply meant that the profits, whatever they were, would go in the 1920 return. Such was the fact. The profits from the partnership were included in the 1920 return. The deduction, therefore, which the plaintiffs procured for the defendants did not signify that they had benefited to that extent. The profits for the fiscal year 1919/1920 were put in the 1920 return by the direction of the plaintiffs. Miss Katherine Sieger, the bookkeeper for Cundill & Co., testified that at the request of Hamburg and Bauer she made up an amended partnership return for the fiscal year ending May 31, 1920, and made up amended returns for the individuals for 1919 and 1920.

The Cundills did not receive the full amount of the reduction. The returns for 1920, upon which they had to pay an income tax, were increased by including in 1920 the amount taken out of 1919, or at least the partnership profit for the fiscal year June 1, 1919, to June 1, 1920. In the year 1920 Cundill had sustained large losses, about $70,000, so that if the income earned by the partnership in 1919 had not been transferred to the year 1920, there would have been no taxable income. By including this income shifted over from the 1919

return, the income taxes of the Cundills for the year 1920 were increased $16,282.19.

There is no dispute about the figures. The appeal turns upon the interpretation of the agreement. The amended returns filed with and accepted by the departments through the efforts of the plaintiffs reduced the Federal and State income taxes of Mr. and Mrs. Cundill for 1919 by $55,186.10. However, by including in the 1920 returns the income from the partnership during the first six months of the fiscal year, from June 1 to December 31, 1919, the taxes of the defendants for 1920 were increased by $16,282.19. The reason why the taxes for 1920 were not increased by the same amount as was deducted in 1919 is because the income tax is not at a flat rate; the percentage of tax varies according to the amount of the whole income. The undisputed evidence is that taking out the $55,186.10 from the 1919 returns and including it in the returns for 1920 increased the taxes for that year $16,282.19. The respondent in his brief describes the services which the respondent performed under the contract as procuring a change from a calendar to a fiscal year basis of reporting income. " This permitted the inclusion of a twelve-month period instead of seven months, and the offsetting of losses of a subsequent period against profits of an earlier one." He further states in his brief: " The resulting tax reduction was brought about by a differential in the rate of tax applied against the income of each period. Whereas, the defendant's original 1919 returns showed a normal rate of 8% and a surtax rate of 56% or total rate of 64%, the amended return showed a lesser amount of income taxable at lower rates. The total saving on Mr. and Mrs. Cundill's Federal and New York taxes amounted to $55,186.10."

This, however, does not answer the appellant's contention. We must go further and determine whether the defendants received this amount within the terms

of their contract with the plaintiffs; whether or not they were benefited by this reduction. The other conceded fact must be taken into consideration; and that is, by taking out the six months' partnership income, and including it in the 1920 returns, the taxes for that year were increased $16,282.19.

The defendants offered to pay and did pay the plaintiffs twenty-five per cent of the difference between $55,186.10 and $16,282.19.. The plaintiffs insist that they are entitled to twenty-five per cent of the larger amount, and have recovered upon this basis.

What does the agreement mean? The income taxes of the Cundills for 1919 were reduced $55,186.10. The actual benefit to them, or the amount of reduction received by them, was about $39,000, by reason of the facts which I have above stated. That the parties had in mind the partnership profits included in the first six months of the fiscal year is quite apparent from that part of the agreement which reads: " It is now understood between us that you will jointly and severally, handle the case of abatement of taxes for the calendar year 1919 and the fiscal year June 1st, 1919/1920." As we understand it, the parties were not to consider merely the reduction of the personal income for the year 1919, but also the returns which should be made for the fiscal year of the partnership. This could not be done until after June 1, 1920, and in connection with the returns of the personal income for the year 1920. In making this agreement the parties had in mind the income of 1919 as affected by the improper inclusion of the six months' partnership income. What the ultimate effect would be in taking this out could not be determined until the lapse of the fiscal year. This is why the period June 1, 1920, was put in the agreement. The effect would show in the personal returns for 1920. The agreement was not in reference to 1920, but the returns for 1920 would be evidence of the benefit received by the defendants in the deduction

made in the 1919 returns. This is quite evident from the testimony of Mr. Bauer, which is to this effect: " Q. Wasn't the effect of your putting in an amended return for the income tax to shift the income from 1919 to 1920? A. Yes. The effect of it is that.

" Q. Is it not the fact that by filing an amended partnership return you moved $70,000 of income from Mr. Cundill's 1919 income tax return to his 1920 income tax return? A. Yes, that is the fact.

" Q. You wrote a great many letters to the Government in regard to these claims for refund, did you not, Mr. Bauer? A. Yes.

" Q. In all these letters you treated the 1919 tax and the 1920 tax in the same letter at the same time, did you not? A. In some of them.

" Q. In your 1920 income tax return, which you made out for Mrs. Cundill, you put a claim for credit and a claim for refund on the 1919 tax? A. That is true.

" Q. Did you, during those conversations (with Mr. Cundill) tell him that you were shifting $70,000 of income from his 1919 to his 1920 return? A. Yes."

It is the final result achieved for which the plaintiffs are to be paid. They cannot merely consider the personal returns for 1919 and leave out the effect which the returns for the fiscal year of the partnership had upon those returns. The return, therefore, for 1919, and the fiscal year of the partnership ending June 1, 1920, resulted through the efforts of the plaintiffs in a reduction to the defendants of about $39,000. They never received the benefit of a reduction to the extent of $55,000. The " amount received " referred to in the agreement is the beneficial amount received, not merely a paper reduction. The period between June 1, 1919, and June 1, 1920, cannot be divided in determining the amount of reduction which the Cundills actually received.

As we see no ambiguity in this agreement, and find that the plaintiffs have been paid all that they are

entitled to, we need not discuss the question of accord and satisfaction, forming a large part of the opinions below.

For the reasons here stated, the judgment of the Appellate Division should be reversed, and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment reversed, etc.