LUCIAN C. DAY, Plaintiff, *v.* GERA MILLS and Others, Defendants.

Supreme Court, New York County, October 12, 1928.

*Merchant, Olena & Merchant* [*Henry D. Merchant* and *Camden R. McAtee*, of counsel], for the plaintiff.

*Fischer & Strachan* [*Caruthers Ewing* of counsel], for the defendants.

FRANKENTHALER, J. The evidence, especially the practical construction of the contract by the parties, convinces me that the agreement upon which plaintiff bases his right to recover did not apply to any saving of taxes accomplished as the result of *inventory* adjustments. Moreover, the latter were almost entirely the fruit of the efforts of others, in which plaintiff played little part. In so far as any tax reductions for the years 1918 and 1919 were due to changes in inventory valuations, it can hardly be said, therefore, that *plaintiff* " recovered " them. These circumstances would seem to dispose of plaintiff's claim for the year 1918.

As to the succeeding year, plaintiff urges that the reduction in taxable income through inventory adjustments, and the consequent saving of $141,569.24 in the tax payable for that period, is to be entirely disregarded, because the defendants, anxious to lower the tax still further, prosecuted·through him a claim for special assessment, and thereby effected a reduction of $189,480.05, instead of $141,569.24. Plaintiff insists he is entitled to fifteen per cent of the $189,480.05 (with accumulated interest), rather than that percentage of the difference, amounting to $47,910.81. The answer to this contention is twofold. The figure of $189,480.05 could never have been arrived at, were it not for the reduction in taxable income which was produced by the inventory adjustments. Had not the taxable income been decreased, the reduction of the tax through the application of the special assessment provisions of the Revenue Act would undoubtedly have been much smaller.

Furthermore, the intention of the parties was quite obviously to pay plaintiff a percentage of the beneficial amount recovered through his efforts, which was only $47,910.81. (See *Hamburg* v. *Cundill*, 247 N. Y. 119.) The balance of the $189,480.05 defendants were entitled to, without plaintiff's efforts or assistance. Plaintiff is accordingly entitled to recover fifteen per cent of $47,910.81, unless either or both of the defenses of illegality interposed are to be sustained.

The first defense is that plaintiff is guilty of a violation of section 190 of the United States Revised Statutes (5 U. S. C. A. § 99), which prohibits any employee of the United States government from assisting in the prosecution of a " claim against United States which was pending " while he was so employed, for a period of two years after the cessation of his employment. The evidence, however, fails to satisfy me that any claim for a special assessment for the year 1919 was pending in November, 1923, when plaintiff left the government's employ. The first application for a special assessment for that year appears to have been filed in March, 1925.

The second defense is that plaintiff, during the time he was in the

government's service, gave personal consideration to and had actual personal knowledge of the defendants' tax matters, and, therefore, violated the regulations of the Treasury Department in appearing before it in connection with the defendants' claims. Although I am not at all convinced that this defense is not in accord with the true facts, there is insufficient evidence in the record to enable me to make a finding to that effect. As the burden of proving illegality rests with the defendants, I am constrained to find in plaintiff's favor on that issue. The point that there is a defect of parties plaintiff must be deemed to have been waived. (Civ. Prac. Act, § 278; Rules of Civil Practice, rules 102, 105. See *Russian Reinsurance Co. v. Stoddard*, 211 App. Div. 132, 145.)

In accordance with the stipulation entered into at the outset of the trial, a verdict is directed in favor of the plaintiff for $7,186.62, with interest from the 22d day of November, 1925.